IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| MASSACHUSETTS GAMBLING RECOVERY LLC,<br><br>Plaintiff,<br><br>v.<br><br>KALSHI INC; KALSHIEX LLC; KALSHI KLEAR INC.; KALSHI KLEAR LLC; KALSHI TRADING LLC; SUSQUEHANNA INTERNATIONAL GROUP, LLP; SUSQUEHANNA GOVERNMENT PRODUCTS, LLLP; ROBINHOOD MARKETS, INC; ROBINHOOD DERIVATIVES, LLC; and WEBULL CORPORATION,<br><br>Defendants. | Case No. 1:25-cv-12707<br><br>(Removed from the Superior Court of Suffolk County, Massachusetts Case No. 2584CV01630) |

## NOTICE OF REMOVAL

Defendants Robinhood Derivatives, LLC and Robinhood Markets, Inc. (together "Robinhood") hereby remove this action from the Superior Court of Suffolk County, Massachusetts, to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. The remaining defendants—Kalshi Inc., KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, Kalshi Trading LLC, Susquehanna International Group LLP, and Susquehanna Government Products LLLP, and Webull Corporation (collectively with Robinhood, "Defendants")—consent to removal.

1. Plaintiff Massachusetts Gambling Recovery LLC filed this action in the Superior Court of Suffolk County, Massachusetts, on June 11, 2025. Compl., *Massachusetts Gambling Recovery LLC v. Kalshi, Inc., et al.*, No. 2584CV01630. Copies of the complaint and the

1

summonses received by Robinhood Derivatives, LLC and Robinhood Markets, Inc., are attached as Exhibits A, B, and C.

2. Plaintiff's complaint asserts a single count under the Massachusetts General Laws, chapter 137, § 1, to recover the alleged losses on behalf of "thousands" of unidentified "individuals within Massachusetts" who purportedly "us[ed] Defendants' platforms" to trade event contracts, a type of federally regulated derivatives contract. Ex. A ¶¶ 7, 65. Chapter 137, § 1 traces to the Statute of Anne, a 1710 English anti-gambling law. Plaintiff argues that Massachusetts's Statute of Anne permits it—a Delaware LLC created only months ago for purposes of litigation, but which alleges no losses of its own—to recover alleged losses of unidentified individual Massachusetts residents to whom it has no purported connection, plus attorneys' fees and costs. Ex. A ¶¶ 6-7, 29.* Yet Plaintiff has sued companies that merely make those contracts available—including KalshiEX LLC (hereinafter "Kalshi"), which operates the federally registered exchange on which the contracts trade, as well as Robinhood Derivatives, LLC, a federally registered derivatives intermediary that accepts orders from customers for Kalshi's event contracts, as it does for many other federally regulated derivatives products on its trading platform.

**FIRST GROUND FOR REMOVAL:
FEDERAL QUESTION JURISDICTION**

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Statute of Anne claim requires the adjudication of federal-law issues that are "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in

---

* Similar entities represented by the same counsel sued Defendants on June 11 and 12, 2025 in five other States asserting the same theory of recovery. *See* Compl., *Georgia Gambling Recovery LLC v. Kalshi Inc.*, No. SC2025CV001749 (Ga. St. Ct.); Compl., *Illinois Gambling Recovery LLC v. Kalshi Inc.*, No. 2025L007524 (Ill. Cir. Ct.); Compl., *Kentucky Gambling Recovery LLC v. Kalshi Inc.*, No. 25-CI-00512 (Ky. Cir. Ct.); Compl., *Ohio Gambling Recovery LLC v. Kalshi Inc.*, No. 2025-CV-01517 (Ohio Ct. Common Pleas); Compl., *South Carolina Gambling Recovery LLC v. Kalshi Inc.*, No. 2025CP3700563 (S.C. Ct. Common Pleas).

federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)).

4. Plaintiff's claim requires proof that the event contracts at issue are illegal gambling—which necessarily raises substantial and disputed federal-law issues. Massachusetts courts have repeatedly made clear that Massachusetts's Statute of Anne targets only "illegal" gambling contracts. *Gibney v. Olivette*, 82 N.E. 41, 41 (Mass. 1907) (citing *Lyons v. Coe*, 59 N.E. 59 (Mass. 1901)); *see also Harvey v. Merrill*, 22 N.E. 49, 52 (Mass. 1889) (discussing "illegal" gambling contracts); *Babcock v. Thompson*, 20 Mass. 446, 449 (Mass. 1826) ("unlawful" gambling). Thus, "[t]he right to recover, given to a loser" of such contracts, "depends upon the fact that such a contract is illegal." *Gibney*, 82 N.E. at 41. Indeed, Plaintiff's own complaint asserts that Massachusetts's Statute of Anne "allows private parties to sue for *illegal* gambling." Ex. A at 7 (capitalization omitted; emphasis added).

5. To try to prove illegality, Plaintiff's complaint alleges that "Defendants' offerings are … prohibited under federal law." Ex. A ¶ 53. Specifically, Plaintiff claims (*id.* ¶¶ 53-56) that the event contracts violate the Wire Act, which forbids certain uses of interstate wires in connection with "bets or wagers." 18 U.S.C. § 1084(a). The Wire Act is an exercise of Congress's authority to regulate interstate commerce. *Id.* (limiting restriction to one who "uses a wire communication facility for … transmission in interstate or foreign commerce"). But as Defendants will demonstrate, the Wire Act is inapplicable to the event contracts here, which are permitted under the Commodity Exchange Act (CEA) and the Commodity Futures Trading Commission's (CFTC) implementing regulations. *See* 7 U.S.C. § 7a-2(c)(1); 17 C.F.R. § 40.2.

6. Plaintiff's allegation that Kalshi's event contracts violate Massachusetts law, Ex. A ¶ 52, only underscores the centrality of *federal* law to this case. The Massachusetts law Plaintiff cites does not apply here because the CEA preempts it by granting the CFTC "exclusive jurisdiction" over derivatives, including event contracts, traded on CFTC-regulated exchanges like Kalshi. 7 U.S.C. § 2(a)(1)(A). Therefore, although preemption generally is an affirmative defense that does not give rise to federal-question jurisdiction, here Plaintiff's prima facie allegation of illegality under Massachusetts's Statute of Anne "necessarily entails answering the embedded federal question of whether federal law" preempts Massachusetts's anti-gambling laws as applied to event contracts. *Rhode Island Fisherman's Alliance, Inc. v. Rhode Island Dep't of Envt'l Mgmt.*, 585 F.3d 42, 49 (1st Cir. 2009).

7. This case thus turns on the legality under federal statutes of federally regulated derivatives contracts traded on a federally regulated exchange. Those are substantial federal issues that belong in a federal forum. *Grable*, 545 U.S. at 314-15. Indeed, Congress enacted the CEA to provide "a comprehensive regulatory structure to oversee the volatile and esoteric futures trading complex" and vested the CFTC with "*exclusive* jurisdiction" to administer it. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 355-56, 386 (1982) (emphasis added); *see* 7 U.S.C. § 2(a)(1)(A) (the CFTC "shall have exclusive jurisdiction" over, *inter alia*, transactions involving derivatives contracts "traded or executed on a [designated] contract market"). Yet Plaintiff's claim under the Statute of Anne threatens to upset this comprehensive federal regulatory structure by impugning under state law event contracts the CFTC has allowed to be traded on the exchanges it exclusively regulates. *See Grable*, 545 U.S. at 315. In light of that paramount federal interest, this Court's jurisdiction over this case will not "distur[b]," but rather respect, the "congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

## SECOND GROUND FOR REMOVAL:
## CLASS ACTION FAIRNESS ACT

8. This Court has diversity jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

9. "In enacting CAFA, Congress was responding to what it perceived as abusive practices by plaintiffs and their attorneys in litigating major interstate class actions in state courts." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 47 (1st Cir. 2009). Congress accordingly "made a federal forum more accessible to removing defendants" and "extend[ed] federal subject matter jurisdiction to include most major interstate class actions." *Id.*

10. Under CAFA, a federal district court has diversity jurisdiction over a "class action" when (1) there is minimal diversity of citizenship between the parties, *i.e.*, if "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed class contains at least 100 members. *Id.* § 1332(d)(2), (5). CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

11. Plaintiff seeks to bring this suit in a manner similar to a class action under Federal Rule of Civil Procedure 23. Plaintiff "seeks to stand in the shoes of" thousands of unidentified Massachusetts residents. *Fair Gaming Advoc. MA LLC v. VGW Holdings Ltd.*, 2024 WL 5279408, at *2 (Mass. Super. Ct. Dec. 12, 2024). But instead of attempting to satisfy Massachusetts class-action requirements, Plaintiff created an empty business entity to sue on others' behalf and thus achieve the same aggregation effect while keeping the recovery for itself and circumventing those class-action requirements. Plaintiff's use of Massachusetts's Statute of Anne in this manner calls

5

for coverage by CAFA: Congress did not intend to force defendants to litigate in state court when state law purportedly authorizes a class-like device that has far *fewer* protections for defendants than Rule 23. *See* S. Rep. No. 109-14, at 35 (2005) ("the definition of 'class action' is to be interpreted liberally," and "lawsuits that resemble a purported class action should be considered class actions for the purpose of applying [CAFA's] provisions").

12. Based on the allegations in Plaintiff's complaint, all three statutory requirements for exercising diversity jurisdiction under CAFA are met here.

13. There is at least minimal diversity. Plaintiff claims "to stand in the shoes of" the Massachusetts residents whose purported losses Plaintiff seeks to recover. *Fair Gaming Advoc. MA LLC*, 2024 WL 5279408, at *2; Ex. A ¶ 67. In light of Plaintiff's allegations, at least one of those individuals who allegedly incurred losses is a citizen of Massachusetts. And at least one of the Defendants is not a citizen of Massachusetts. For example, Defendant Robinhood Markets, Inc. is a citizen of Delaware and California because it is incorporated in Delaware and has its principal place of business in California. *Id.* ¶ 15; *see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Plaintiff itself similarly is a citizen of at least one State—Florida, where it maintains its address and where its sole member is located—of which at least one defendant (*e.g.*, Robinhood Markets) is not a citizen.

14. In addition, a fair reading of the complaint demonstrates that the aggregate amount in controversy of the alleged losses likely exceeds $5 million. *See* Ex. A ¶ 6 (alleging that Defendants have improperly earned "tens of millions of dollars from Massachusetts gamblers").

15. Finally, Plaintiff asserts claims on behalf of "thousands of individuals within Massachusetts," easily clearing CAFA's 100-member threshold. Ex. A ¶ 65.

## ALL REMOVAL REQUIREMENTS ARE MET

16. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action because, as explained:

    a. The complaint necessarily raises substantial, disputed federal questions that belong in federal court; and

    b. The requirements for removal under CAFA are satisfied based on the allegations in Plaintiff's complaint.

17. Venue is proper in this Court because this judicial district embraces the Superior Court of Suffolk County, Massachusetts, in which this case was filed. 28 U.S.C. §§ 1391, 1441(a), 1446(a).

18. In accordance with 28 U.S.C. § 1446(b)(1) and (2)(B), this removal is timely because it is being filed within 30 days of Robinhood Derivatives, LLC's and Robinhood Markets, Inc.'s receipt of service of Plaintiff's complaint.

19. All other Defendants consent to this notice of removal. 28 U.S.C. § 1446(b)(2)(A), (C).

20. A copy of the current docket sheet of the Superior Court of Suffolk County, Massachusetts, is attached as Exhibit D.

21. Robinhood will provide Plaintiff with written notice of this filing, and it will promptly file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of Suffolk County, Massachusetts. The Notice of Filing of Notice of Removal to be filed with the Superior Court of Suffolk County, Massachusetts, is attached as Exhibit E. 28 U.S.C. § 1446(d).

22. By filing or consenting to this Notice of Removal, Defendants do not waive any objections as to notice, service, personal jurisdiction, venue, or any other defenses. Defendants

reserve all of their defenses, and this Notice of Removal is filed subject to full reservation of rights, including any rights to compel arbitration and all objections, arguments, and defenses to Plaintiff's complaint.

## CONCLUSION

Robinhood respectfully requests removal to this Court, and that the Court retain jurisdiction for all further proceedings in this matter.

September 22, 2025

Respectfully submitted.

/s/ Nicholas J. Schneider

Craig Waksler (BBO No. 566087)
Nicholas J. Schneider (BBO No. 688498)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
2 International Place #1600
Boston, MA 02110
Phone: (617) 342-6890
Fax: (617) 342-6899
CWaksler@eckertseamans.com
nschneider@eckertseamans.com

Eugene Scalia*
Jonathan C. Bond*
Nick Harper*
GIBSON, DUNN & CRUTCHER LLP
1700 M St, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 530-9603
EScalia@gibsondunn.com
JBond@gibsondunn.com
NHarper@gibsondunn.com

*Applications for admission pro hac vice forthcoming

Attorneys for Defendants Robinhood Derivatives, LLC and Robinhood Markets, Inc.

## CERTIFICATE OF SERVICE

I certify that on September 22, 2025, I filed this document through the ECF system and that notice will be electronically sent to all registered participants identified on the Notice of Electronic Filing and that paper copies will be sent via First-Class Mail to all non-registered participants.

*/s/ Nicholas J. Schneider*
Nicholas J. Schneider